## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MICHAEL MALVASI,                                CASE NO. 4:24 CV 474

      Petitioner,

      v.                                          JUDGE JAMES R. KNEPP II

WARDEN SHELBIE SMITH,[1]

      Respondent.                              **MEMORANDUM OPINION AND ORDER**

Petitioner Michael Malvasi ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge James E. Grimes Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On September 25, 2024, with the deadline having expired for Petitioner to file his Traverse/Reply, Judge Grimes issued an R&R recommending the Petition be dismissed. (Doc. 10). Petitioner then submitted documentation asserting he had timely submitted his Traverse to the prison mailing system, despite the Court never having received it. (Doc. 12). The Court referred the matter back to the Magistrate Judge for consideration of the arguments in Petitioner's Traverse. On November 8, 2024, the Magistrate Judge issued a Supplemental R&R addressing Petitioner's arguments, and again recommending the Petition be dismissed. (Doc. 13). Petitioner filed objections to each R&R. (Docs. 15, 17). With his objections

---

1. The original Respondent in this case was named as Warden David Gray. Shelbie Smith is the current Warden at the Belmont Correctional Institution and thus the proper named Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (proper respondent in a habeas corpus case is Petitioner's immediate custodian).

to the Supplemental R&R, Petitioner also filed a Motion to Expand the Record (Doc. 18), which Respondent opposed (Doc. 20), and to which Petitioner replied (Doc. 21).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R and Supplemental R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed February 29, 2024, stems from Petitioner's July 2021 convictions on charges of aggravated vehicular homicide, vehicular homicide, failure to stop after an accident (two separate counts), tampering with evidence, and operating a vehicle impaired. *State v. Malvasi*, 203 N.E.3d 823 (Ohio Ct. App. 2022).

Petitioner raised three grounds for relief in his habeas petition:

1. The trial court [errs] by permitting a witness (Trooper Christopher Jester) to give opinion testimony concerning the details of an automobile accident when the witness is not qualified to do so.

2. The trial court erred and abused its discretion by permitting various witnesses to testify that the decedent stated that appellant was the best drunk driver he knew.

3. The trial court err[]s and abuses its discretion by giving a flight instruction to the jury where the evidence reveals that the defendant left the scene of an accident to obtain medical assistance for another.

(Doc. 1, at 6-7).

In his R&R and Supplemental R&R, Judge Grimes recommends the Court find Ground One not cognizable, Ground Two not cognizable (or alternatively meritless), and Ground Three procedurally defaulted and not cognizable. (Doc. 10, at 21-41); (Doc. 13, at 2-13).

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory[.]" *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review[.]" *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R and Supplemental R&R. (Docs. 15, 18). Below, the Court addresses Petitioner's specific objections to the R&Rs' proposed resolution of each Ground for Relief.

3

Ground One

The Magistrate Judge recommends the Court find Ground One non-cognizable. Petitioner objects, stating that "the State Court decided on the merits a federal constitutional claim which petitioner now present[s] in his habeas corpus petition, specifically as it relates to the State court application of the *Daubert* standard." (Doc. 15, at 11). He contends the Ohio appellate decision was contrary to or an unreasonable application of *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993). *Id.*

In his objections to the Supplemental R&R, Petitioner contends the Magistrate Judge erred by offering a recommendation on this ground without ordering Respondent to submit into the record in this case the report offered by Trooper Jester. He asserts "[t]his report is relevant as the state court of appeal has determined that the state's expert was qualified to testify on accident reconstruction, and relevant to this [C]ourt's review of whether [the] evidentiary ruling is so egregious that it results in a denial of fundamental fairness." (Doc. 17, at 11). Separately, Petitioner moves the Court to expand the record to include this report. (Doc. 18).

First, a federal habeas court does not function as a further level of appellate review over the state courts. *See Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) ("A federal habeas court does not sit as a traditional appellate review with supervisory power to correct general errors committed by a state authority; rather, it has power only to accord relief for *constitutional violations.*") (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)). Thus, to the extent Petitioner asks the Court to re-evaluate, *de novo*, Trooper Jester's qualifications or analysis, this is not an appropriate basis for habeas relief.

Second, to the extent Petitioner contends the state court's *Daubert* ruling on the admissibility of expert testimony was a federal constitutional ruling, he is incorrect. *See Norris v.*

4

*Schotten*, 146 F.3d 314, 335 (6th Cir. 1998) ("*Daubert* concerned the Federal Rules of Evidence which is not relevant to [a habeas petitioner's] conviction."); *Parham v. Robinson*, 2022 WL 4940025, at *9 (S.D. Ohio) ("*Daubert* and *Kumho Tire* are not constitutional decisions; the Supreme Court has never held those decisions are binding on the States under the Constitution."), *report and recommendation adopted*, 2023 WL 3300846 (S.D. Ohio); *cf. Bojaj v. Berghuis*, 702 F. App'x 315, 320 (6th Cir. 2017) ("The Supreme Court has never held that admitting evidence of questionable reliability against a criminal defendant without holding a *Daubert* hearing or similar procedure violates due process.").[2]

Third, as the R&Rs accurately set forth, errors in the application of state law, including evidentiary rulings, are not cognizable in federal habeas proceedings unless an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness" such that it violates due process. (Doc. 10, at 21-22) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)); *see also* Doc. 13, at 6 (citing "fundamental fairness" standard). This category of rulings includes those that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (internal quotation omitted). "[T]he Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2007) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). In the instant case, the trial court conducted a hearing to determine whether the expert testimony at issue satisfied *Daubert*'s reliability and relevance standards. *See* Doc. 8-2, at 199-252. The Trooper was subject to cross-examination about

---

2. In an objection the Supplemental R&R, Petitioner states that the Magistrate Judge "failed to consider and mention from the state court record that the state trial court actually held a Daubert hearing." (Doc. 17, at 12). But the Magistrate Judge did in fact mention the hearing. *See* Doc. 10, at 12, 21-28; Doc. 13, at 2 (referencing prior R&R).

his report at trial. *See id.* at 1026-1148. And the state appellate court thoroughly reviewed the trial court's determination on admissibility and found no error. *Malvasi*, 203 N.E.3d at 833-36. This simply is not a situation that fits into the very narrow category of state court evidentiary rulings that violate "fundamental fairness." Moreover, the Court agrees with the R&R's statement that "[o]ther than disagreeing with the court's conclusion, [Petitioner] hasn't said what about the decision he believes rose to the level of fundamental unfairness." (Doc. 13, at 9); *see* Doc. 15, at 15 (conclusorily stating: "Petitioner argues that the trial court's ruling permitted [T]rooper [J]ester to provide opinion testimony as an expert witness, and to allow the expert to use a reconstruction method that has not been established to be reliable was so fundamentally unfair as to violate due process.").

Fourth, the Court rejects Petitioner's contention that the Magistrate Judge erred in ruling on his Petition without ordering Respondent to provide Trooper Jester's underlying report.[3] Rule 5 of the Rules Governing 2254 Cases in the United States District Courts describes the records Respondent is required to submit with its Answer:

(c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they

---

[3]. At the outset, the Court notes Petitioner did not ask to expand the record before the Magistrate Judge issued his R&R and Supplemental R&R. Parties typically cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And as Respondent points out (Doc. 20, at 2), a Court in the Southern District of Ohio has explained:

While there is no absolute time limit on motions to expand the record, adding more evidence after a recommendation on the merits undermines judicial economy: if the evidence were added, the Magistrate Judge would have to start over in analyzing the case. For this reason, adding evidence after a dispositive report and recommendation has been filed is strongly discouraged.

*Ingels v. Warden, N. Cent. Corr. Inst.*, 2022 WL 17252210, at *1 (S.D. Ohio). Nevertheless, the Court addresses Petitioner's motion below.

can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Rule 5(c), Rules Governing 2254 Cases in the United States District Courts. Rule 7, regarding expanding the record, states: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." *Id.*, Rule 7(a). The determination of whether to order the provision of additional materials or allow expansion of the record is left to the district court's discretion. *See West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008); *see also Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008).

Respondent here provided the relevant transcripts, including the transcripts of the trial court's *Daubert* hearing (Doc. 8-2, at 199-252), and the transcript of the trial, which included Trooper Jester's testimony (*id.* at 1026-1148). In briefing regarding his separate motion to expand the record to include Trooper Jester's underlying Report, Petitioner "further assert[s] that the state court's findings, as to whether the State Court's evidentiary ruling is so egregious that it results in a denial of fundamental fairness, are erroneous and not supported by the record." (Doc. 18, at 2); *see also* Doc. 21, at 2 ("This report is relevant as the state court of appeal has determined that the state's expert was qualified to testify on accident reconstruction, and relevant to this court's review of whether [the] evidentiary ruling is so egregious that it results in a denial of fundamental fairness."). But Petitioner does not provide any explanation, other than his own disagreement with the trial court's conclusion that the evidence was admissible, regarding how the state court factual findings (to which this Court must defer unless presented with clear and convincing evidence otherwise, 28 U.S.C. § 2254(e)(1)), are not supported by the record. The Court finds Petitioner has not demonstrated that the report is necessary to determine whether the state court's evidentiary

7

ruling violated fundamental fairness. As such, this objection is overruled, and Petitioner's Motion to Expand the Record (Doc. 18) is denied.

Finally, as to Ground One, Petitioner contends "the Magistrate Judge erred when it found Claim One is not cognizable and procedurally defaulted because Petitioner did not raise this claim as an abuse-of-discretion claim in his petition, to the Ohio Court of Appeals, and not to the Ohio Supreme Court." (Doc. 17, at 13). He "contends that the State Court did decide whether the Trial Court abuse[d] its discretion, and found that it did not." *Id.* Petitioner, however, does not develop this argument. What follows is a summary of caselaw, but no argument as to how that caselaw applies to the instant case. *See id.* at 13-15. Nevertheless, the Court has reviewed *de novo* and agrees with the Magistrate Judge's analysis regarding Petitioner's purported "abuse of discretion" claim. *See* Doc. 13, at 3-4.

Ground Two

The Magistrate Judge recommends the Court find Ground Two non-cognizable or, alternatively, meritless. Petitioner objects. He contends the Ohio appellate decision "was contrary to, or is an unreasonable application of clearly established Supreme Court precedent as set forth in *Pointer v. Texas*, 380 U.S. 400, 403 (1965)". (Doc. 15, at 20). In his objections to the supplemental R&R, Petitioner states, conclusorily, that "[t]he evidentiary ruling is so egregious that it results in a denial of fundamental fairness because . . . the trial court erred when it found that the out-of-court statement[s] were not testimony where the out-of-court statements are testimonial in nature." (Doc. 17, at 20). He then provides caselaw regarding the Confrontation Clause, but then provides no additional argument or analysis.

The Court finds this is largely the sort of "general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge . . . does not sufficiently

identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren*, 2018 WL 3414322, at *2; *Howard*, 932 F.2d at 509 (explaining that general disagreements with the Magistrate Judge fall short of objecting party's obligation to make specific objections to an R&R). Rather, Petitioner has simply stated a conclusory disagreement with the state court, and the R&R's analysis, and restated the argument presented to the Magistrate Judge with no explanation or argument as to why the R&R's analysis is incorrect.

Next, Petitioner objects to the Magistrate Judge's alternate conclusion that if cognizable, this ground fails on the merits. Specifically, he first contends the Magistrate Judge "did not engage in the appropriate scope of harmless error review" and "should have reviewed the record *de novo* rather than deferring to the state appellate court's factual findings." (Doc. 15, at 22). Second, he contends the "Ohio Court of Appeals [h]armless error analysis was contrary to, or is an unreasonable application of clearly established United State[s] Supreme Court precedent." *Id.* Third, he contends that the testimony "was materially prejudicial" and "the remaining evidence [was] so weak that the jury would not have found the Petitioner guilty had the trial court excluded the hearsay statements." *Id.* But again, Petitioner simply states his conclusion, summarizes caselaw, and presents no specific argument as to why the Magistrate Judge's analysis is incorrect. As to his first contention, the Court finds the Magistrate Judge properly deferred to the state appellate court's factual findings as required by 28 U.S.C. § 2254(e)(1). As to his second argument, the Court has reviewed and agrees with the R&R's harmless error analysis. *See* Doc. 10, at 34-35. Just as the Magistrate Judge found as to the arguments presented to him, the Court finds that in his objections, "[Petitioner] doesn't identify what about the Ohio court of appeals' harmless error analysis he believes was an unreasonable application of United States Supreme Court precedent." *Id.* at 35.

The Court has reviewed the Magistrate Judge's R&R and Supplemental R&R addressing Ground Two and agrees with the Magistrate Judge's analysis that Ground Two is not cognizable, or alternatively fails on the merits. *Id.* at 28-35; Doc. 13, at 9. Petitioner's objection as to Ground Two is overruled.

<u>Ground Three</u>

In the R&R and Supplemental R&R, the Magistrate Judge recommends the Court find Ground Three procedurally defaulted and not cognizable. (Doc. 10, at 35-40); (Doc. 13, at 9-13). Petitioner objects, stating that "the flight jury instruction so infected the entire trial that the resulting conviction violated [his] due process right to a fair trial", and citing *Cupp v. Naughten*, 414 U.S. 141 (1973). (Doc. 15, at 26); *see also* Doc. 15, at 27 ("Nevertheless, the flight instruct[ion] is a defect[ive] instruction that so infected the entire trial that the resulting conviction violates due process."); (Doc. 17, at 22) ("The Petitioner further asserts that the Instruction by itself so infected the entire trial that the resulting conviction violates due process.").

Again, the Court finds Petitioner has not offered a specific objection, other than a fairly conclusory disagreement with the state court decision and Magistrate Judge's recommendation. *See Cole*, 7 F. App'x at 356 (" The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.") ; *see also Bey*, 500 F.3d at 523 ("Bey has offered nothing more than his disagreement with the Ohio Supreme Court's [evidentiary] ruling . . . Bey's personal disagreement is not cognizable on federal habeas review, inasmuch as it involves no constitutional dimension."). The Court agrees with and adopts the Magistrate Judge's recommendation that this ground is procedurally defaulted as it was not presented as a federal constitutional issue to the state courts, and alternatively, not cognizable as it does not rise to the level of a due process violation. (Doc. 10, at 35-41); (Doc. 13, at 9-14).

Evidentiary Hearing

In the Supplemental R&R, the Magistrate Judge recommends the Court deny Petitioner's request, asserted in his Traverse, for an evidentiary hearing because he "has not identified what portion of 28 U.S.C. § 2254(e)(2) he believes entitles him to a hearing and no section appears to apply to his case." (Doc. 13, at 13). Petitioner objects, contending the "Magistrate Judge erred in failing to hold an evidentiary hearing before evaluating". (Doc. 17, at 29). Citing *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), Petitioner contends an evidentiary hearing is required because he "alleged sufficient grounds for relief, and relevant facts that are in dispute, and the state court did not hold a full and fair evidentiary hearing." (Doc. 17, at 30).

However, in *Stanford*, the case Petitioner cites, the Sixth Circuit ultimately held there was no error in the denial of an evidentiary hearing where the Petitioner "never specified what could be discovered through an evidentiary hearing." *Stanford*, 266 F.3d at 460. The same is true here. In his Traverse, Petitioner stated:

> Petitioner contends that he is entitled to an evidence hearing with respect to each claim. In making the determination of whether an evidentiary hearing is necessary under Rule 8, courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claims. See, Alcorn v. Smith, 781 F.2d 58, 59-60 (6th Cir. 1986); also Schriro v. Landrigan, 550 US. 465, 474 (2007).
>
> Furthermore, the district court has the inherent authority to order an evidentiary hearing even if the factors requiring an evidentiary hearing are absent. Abdur'Rahman v. Bell, 226 F.3d 696, 705-06 (6th Cir. 2000). Such hearing is set to settle disputed issues of material facts. Id. at 706.
>
> Therefore, petitioner moves this Honorable Court for an Evidentiary hearing on all claims, especially the issue relating to the opinion testimony of the expert witness.

(Doc. 14, at 12). The Magistrate Judge correctly concluded that Petitioner had not identified why he was entitled to an evidentiary hearing or what it would show. Nor does he provide further

explanation in his objections. The Court overrules Petitioner's objection to the R&R's denial of an evidentiary hearing.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Grimes's R&R (Doc. 10) and Supplemental R&R (Doc. 13) be, and the same hereby are, ADOPTED as the Orders of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that Petitioner's Motion for an Order Directing Respondent Pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, to Supplement the Record with Report Authored by Trooper Jester During the Daubert Hearing (Doc. 18) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2025